121 Cal.Rptr.2d 267 (2002)
99 Cal.App.4th 412
Ravinder RISAM, Plaintiff and Appellant,
v.
COUNTY OF LOS ANGELES, Defendant and Respondent.
No. B151329.
Court of Appeal, Second District, Division Four.
June 18, 2002.
*268 Thomas P. Bleau and Nikki Fong for Plaintiff and Appellant.
Lloyd W. Pellman, County Counsel, Louis W. Aguilar, Assistant County Counsel, Millicent L. Rolon, Senior Deputy County Counsel; Greines, Martin, Stein & Richland, Timothy T. Coates and Dana Gardner Adelstein for Defendant and Respondent.
CHARLES S. VOGEL, P.J.

INTRODUCTION
Plaintiff Ravinder Risam (appellant) appeals from the trial court's entry of summary judgment in favor of defendant the County of Los Angeles (respondent). Plaintiff alleged that respondent demoted her in retaliation for opposing discriminatory practices in violation of the California Fair Employment and Housing Act (Gov. Code, § 12900 et seq., hereafter "FEHA"). The trial court granted summary judgment in favor of respondent on the ground that appellant previously pursued administrative civil service remedies which resulted in an adverse findingthat she failed to present evidence sufficient to prove any violation of FEHAwhich is binding on appellant and bars the present complaint. We agree and affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND
In 1990, appellant began working for the County of Los Angeles, Department of Public Works as a Civil Engineer in the Waterworks/Sewer Maintenance Division. She was later promoted to the position of Senior Civil Engineering Assistant. In May 1994, Gene Lui became her immediate supervisor. He allegedly engaged in abusive conduct including using profanity and having conversations with male coworkers regarding guns and violence, and concerning using violence against his superiors. Appellant complained to various of her superiors, but no action was taken. She was given an application to transfer to another department, and eventually was transferred to the Planning Division in May 1995. In late August 1995, she was criticized for unsatisfactory work *269 performance. Soon thereafter she was transferred back to the Department of Waterworks/Sewer Maintenance Division (hereafter "the Department") despite her expressed fear of retaliation by Lui and her other former supervisors because of her prior complaints against Lui. In October 1995, her supervisors prepared a Plan for Individual Improvement (PFII) and began having weekly meetings with her, purportedly to improve communication and improve her job performance. Appellant alleges that over the next two years her supervisors, including Norman Cortez and Nick Agbobu, scolded and ridiculed her, unjustifiably criticized her performance, and attempted to intimidate her. She alleges the abusive behavior escalated after she complained about sharing a cubicle with Cortez. Appellant was eventually moved from that cubicle after presenting a doctor's order stating that the unnecessary stress on appellant, who suffers from multiple sclerosis, caused by sharing a cubicle with Cortez was aggravating her condition. In February 1998, appellant was reduced three steps in her employment, from a Senior Civil Engineering assistant to an engineering aide III. She filed a grievance before the Civil Service Commission (hereafter "Commission").
A hearing was held before a Commission hearing officer commencing in November 1998 and ending in March 1999. In April 1999, the hearing officer issued a lengthy written statement of decision and recommendation.
The hearing officer summarized the contentions of both parties. He noted the Department's contention that appellant was reduced in position because she failed to adequately perform her job. The Department denied that appellant's reduction was in retaliation for her prior complaints. Appellant challenged the Department's contentions and allegations regarding her job performance, and asserted "that the Department's actions [were] taken in retaliation for her complaints about her supervisors whether made before the PFII period or as a result of her response to their negative supervision during the course of her PFII."
In summarizing the evidence offered by each party, the hearing officer found there to be a substantial dispute regarding the manner in which the PFII was carried out. The Department presented evidence that appellant's work performance steadily deteriorated, while "Appellant's evidence presents a picture of retaliation and unfair treatment."
Appellant also contended that respondent failed to reasonably accommodate her health-related disability. The hearing officer concluded that she raised the issue of reasonable accommodation only after her three-step demotion occurred. "Under the circumstances she has an affirmative duty of establishing the nature and extent of her disability, as well as the reasonable accommodation(s) requested of her Department and its refusal to implement the same. Appellant failed to carry her burden of proof in this regard [affirmative defense]. I[f] an effective PFII had been carried out then the Department would have been able to assess if she could perform the essential functions of her position (ADA requirement)."
The hearing officer noted that a reduction in rank would not solve her increasing health problems and poor attendance. He said the Department had sufficient evidence to support an application on appellant's behalf for disability retirement. "Such action would also address whatever issue(s) of accommodation might arise. The better way to address the issue of her job performance is to first apply for retirement *270 on her behalf, then find a suitable position for her ...."
Regarding each allegation by the Department of appellant's substandard job performance, the hearing officer made findings as to whether or not the allegation was sustained, and whether the allegation was major or minor in importance. He found several allegations of major substandard performance to be well-founded. The hearing officer concluded, however, that the evidence showed the Department consistently failed to give appellant adequate time, in accordance with its own PFII guidelines, to complete her assignments, which was reflected in her substandard performance. "Also, there were incidents and clashes between her and Cortez which show signs of some retaliation on his part in the manner in which positive job performance went unmentioned and task complexities were downplayed. [¶] However with all that said, this hearing officer is not convinced Ms. Risam was treated fairly or with an even hand by management in the implementation of her PFII." He continued: "Based on the weight and totality of all of the evidence and witnesses' credibility, it is the opinion of this hearing officer that the Department's three-rank reduction is without full and supported justification.... The Department is required to meet a clear standard and mandated to perform all of its material obligations under a PFII. This was not done in this instance. Whatever her true deficiencies are they must be assessed under a properly implemented PFII."
The hearing officer then enumerated findings of fact, including the following which are of particular relevance here. "6. Amongst its terms and conditions, the PFII contained goals setting forth specific performance time periods (hours) in which Appellant had to complete sewer plan checks, utility interference checks, and single claim processing. [¶] ... [¶] 8. The PFII was not implemented in an even handed manner. Most important, however, is that Appellant was not provided full task performance time as required under the Plan to perform the sewer plan and utility interference checks or claim processing. This failure substantially interfered with and impacted her ability to perform and achieve the stated PFII Goals. [¶] 9. Appellant was deficient in the performance of her duties to a limited extent. However, performance evaluation allegations supporting the `unsatisfactory' final rating which is the basis of the reduction substantially overstates [sic ] her substandard performance in light of the time allocation actually provided during the PFII. Assuming enough time would have been given, the evidence presented is insufficient to support a reduction below the level of Civil Engineering Assistant (CEA). [¶] ... [¶] 12. Appellant produced insufficient evidence to substantiate any claim for accommodation as set forth in the ADA and FEHA."
Finally, the hearing officer set forth, "[b]ased upon the foregoing Findings of Fact," the following conclusions of law: "1. The Department did not sustain its burden of proof that imposition of reduction in rank to Engineering Aide III was appropriate. [¶] 2. Appellant failed to present evidence sufficient to prove any violation of the ADA or FEHA by the Department." (Italics added.)
The hearing officer recommended that the Commission adopt an order granting the appeal of appellant's reduction from the position of Senior Civil Engineering Assistant to the position of Engineering Aide III.
On July 21, 1999, the Commission entered a "Final Commission Action" in which it approved the findings made by *271 the hearing officer, and an order in which it adopted the findings and recommendation of the hearing officer "to not sustain the department." Appellant evidently did not exercise her right under the County of Los Angeles Civil Service Rules to file timely objections to the Commission's findings and conclusions and seek to have them amended to the extent they concluded no violation of FEHA was proved.[1]
Appellant did not thereafter file a petition for writ of administrative mandamus attacking the conclusion that she "failed to present evidence sufficient to prove any violation of the ADA or FEHA by the Department."
Previously, on January 22, 1999 (during the time her administrative hearing was ongoing), appellant filed a complaint of discrimination with the Department of Fair Employment and Housing (hereafter "DFEH"). She complained that she was demoted because of her sex, physical disability, and in retaliation for filing a complaint and protesting regarding discriminatory practices. She stated the reason given for her demotion was because of her "work performance which is untrue and the demotion was imposed in retaliation for complaints against sexual harassment and discrimination."
The DFEH issued to her a right-to-sue notice on January 25, 1999. She filed her complaint in superior court in January 2000. In it, she states only one cause of action: demotion in retaliation for opposing discriminatory practices in violation of FEHA. (Gov.Code, § 12940 et seq.)
Respondent filed a motion for summary judgment, contending that appellant's failure to judicially challenge the Commission finding that respondent did not violate FEHA is fatal to the sole FEHA cause of action in her complaint. Appellant responded that the administrative hearing officer did not decide the issue of whether or not her demotion was in retaliation for complaining of discriminatory practices. The trial court granted the motion for summary judgment and entered judgment in favor of respondent. This appeal ensued.[2]

DISCUSSION
We review the trial court's decision de novo, considering all the evidence set forth *272 in the record before the trial court when it granted respondent's motion for summary judgment. (Code Civ. Proc, § 437c, subd. (c); Johnson v. City of Loma Linda (2000) 24 Cal.4th 61, 65-66, 99 Cal.Rptr.2d 316, 5 P.3d 874.) Having done so, we conclude that the trial court correctly entered summary judgment because appellant's action is barred by the doctrine of collateral estoppel in that she did not seek judicial review of the adverse administrative finding that she "failed to present evidence sufficient to prove any violation of the ADA or FEHA by the Department." (Italics added.) We disagree with appellant's contention that the hearing officer did not determine whether or not appellant's demotion was in retaliation for her complaining about prohibited employment practices under FEHA.
In Johnson v. City of Loma Linda, supra, 24 Cal.4th 61, 99 Cal.Rptr.2d 316, 5 P.3d 874, our Supreme Court explained the doctrine of failure to exhaust judicial review applicable here: "[I]n Westlake Community Hosp. v. Superior Court [ (1976) ] 17 Cal.3d 465 [131 Cal.Rptr. 90, 551 P.2d 410] this court held that unless a party to a quasi-judicial proceeding challenges the agency's adverse findings made in that proceeding, by means of a mandate action in superior court, those findings are binding in later civil actions. [Fn. omitted.] This requirement of exhaustion of judicial remedies is to be distinguished from the requirement of exhaustion of administrative remedies. (Knickerbocker v. City of Stockton (1988) 199 Cal.App.3d 235, 241 [244 Cal.Rptr. 764]....) Exhaustion of administrative remedies is `a jurisdictional prerequisite to resort to the courts.' [Citation.] Exhaustion of judicial remedies, on the other hand, is necessary to avoid giving binding `effect to the administrative agency's decision, because that decision has achieved finality due to the aggrieved party's failure to pursue the exclusive judicial remedy for reviewing administrative action.' (Briggs v. City of Rolling Hills Estates (1995) 40 Cal.App.4th 637, 646 [47 Cal. Rptr.2d 29] ..., original italics.)" (Johnson, supra, 24 Cal.4th at pp. 69-70, 99 Cal.Rptr.2d 316, 5 P.3d 874.)
"The underpinnings of this rule of exhaustion of judicial remedies ... are buried in the doctrine of res judicata or that portion of it known as collateral estoppel and more recently as issue preclusion." (Knickerbocker v. City of Stockton, supra, 199 Cal.App.3d at p. 241, 244 Cal. Rptr. 764.) "Res judicata ... deals with the preclusive effects of judgments in civil proceedings. It has a dual aspect. In its primary aspect the doctrine operates as a bar to the maintenance of a second suit between the same parties on the same cause of action. Its secondary aspect comes into play in situations involving a suit, not necessarily between the same parties, based upon a different cause of action. There the prior judgment is not a complete bar but it operates against the party against whom it was obtained as an estoppel or conclusive adjudication as to those issues in the second action which were actually litigated and determined in the first action. [Citation.] ... The doctrine of collateral estoppel bars the relitigating of issues which were previously resolved in an administrative hearing by an agency acting in a judicial capacity. [Citation.]" (Id. at p. 242, 244 Cal.Rptr. 764.)
The Knickerbocker court continued: "Unless the administrative decision is challenged, it binds the parties on the issues litigated and if those issues are fatal to a civil suit, the plaintiff cannot state a viable cause of action, [¶] `Traditionally, collateral estoppel has been found to bar relitigation of an issue decided at a previous proceeding "if (1) the issue necessarily decided *273 at the previous [proceeding] is identical to the one which is sought to be relitigated; (2) the previous [proceeding] resulted in a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the prior [proceeding]."' [Citations.]" (Knickerbocker v. City of Stockton, supra, 199 Cal.App.3d at pp. 243-244, 244 Cal.Rptr. 764.)
In Johnson v. City of Loma Linda, supra, the plaintiff was an assistant city manager who was laid off when his position was eliminated. He filed a grievance, which the City's personnel board rejected, finding that the City had not violated any discrimination laws in discharging him, and that his job had been eliminated for economic reasons. The personnel board's decision was upheld by the city council. Plaintiff filed a discrimination claim with DFEH alleging his dismissal was in retaliation for opposing sexual harassment. He was issued a right-to-sue letter and filed a complaint in superior court, alleging he was discharged in retaliation for opposing discriminatory practices in violation of FEHA. (Gov.Code, § 12940, subd. (f));[3],[4]Johnson, at pp. 66-67, 99 Cal.Rptr.2d 316, 5 P.3d 874.)
The superior court granted summary judgment in favor of the City regarding plaintiffs FEHA claims on the grounds that plaintiff was bound by the administrative finding that he was dismissed for economic and not discriminatory reasons. (Johnson v. City of Loma Linda, supra, 24 Cal.4th at p. 67, 99 Cal.Rptr.2d 316, 5 P.3d 874.) The Supreme Court upheld the judgment in favor of the City, concluding that state agency findings do have a binding effect on claims brought under FEHA. (Johnson, at p. 75, 99 Cal.Rptr.2d 316, 5 P.3d 874.) "We conclude that when, as here, a public employee pursues administrative civil service remedies, receives an adverse finding, and fails to have the finding set aside through judicial review procedures, the adverse finding is binding on discrimination claims under the FEHA." (Id. at p. 76, 99 Cal.Rptr.2d 316, 5 P.3d 874.)
We conclude that the holding in Johnson v. City of Loma Linda is applicable here, and bars appellant's action for retaliatory demotion. The previous administrative decision resulted in a final decision on, among other issues, the merits of appellant's present claim for retaliatory demotion, which decision appellant could have but did not challenge by way of a petition for a writ of administrative mandate. The hearing officer clearly stated that the issue of retaliation was before him; indeed appellant concedes in her opening brief that she presented a claim that she had been retaliated against to the hearing officer. It is true that the hearing officer only stated an explicit finding of fact that appellant "produced insufficient evidence to substantiate any claim for accommodation as set forth in the ADA and FEHA," and did not state a similar finding of fact that appellant produced insufficient evidence to substantiate any claim for retaliation as set forth in FEHA. However, the hearing officer's broadly stated conclusion of law that "[a]ppellant failed to present evidence sufficient to prove any *274 violation of the ADA or FEHA by the Department" (italics added) is inescapable, given that the issue was presented to the hearing officer and he clearly considered it.
The hearing officer did state that "there were incidents and clashes between her and Cortez which show signs of some retaliation on his part in the manner in which positive job performance went unmentioned and task complexities were downplayed," and that he was "not convinced [appellant] was treated fairly or with an even hand by management in the implementation of her PFII." He did not state, however, that appellant's demotion or mistreatment was motivated by Cortez's desire to retaliate against appellant because of her previous complaints regarding prohibited conduct. In light of the hearing officer's conclusion of law that appellant had failed to present evidence sufficient to prove any violation of FEHA, it is implicit that he also made the factual finding that such evidence was not presented. Appellant does not contend that the hearing officer or Commission denied her the opportunity to fully and fairly present her case.
Appellant places reliance on Knickerbocker v. City of Stockton, supra, 199 Cal. App.3d 235, 244 Cal.Rptr. 764, a case that actually serves to undermine her position. There, plaintiff was a police lieutenant who was fired but then, as the result of a civil service commission hearing, was reinstated at the rank of sergeant. The Commission determined that he was properly demoted for disciplinary reasons, but that he was improperly fired. Without filing a petition for a writ of administrative mandate to challenge the first determination, plaintiff filed a complaint in superior court alleging the City had committed various torts against him and seeking damages. The City successfully demurred to plaintiffs complaint on the ground plaintiff had failed to exhaust his judicial remedies by seeking judicial review of the Commission's decision.
The Court of Appeal reversed the judgment in favor of the City based on its conclusion that some of plaintiffs causes of action were not precluded by the doctrines of exhaustion of judicial remedies or issue preclusion, namely claims involving his improper discharge. But the court held that other claims were barred, namely those causes of action which were inconsistent with the adverse finding that plaintiffs demotion was justified. The court held that as to those issues, it had been conclusively established that plaintiff was properly demoted for disciplinary reasons, and he was barred from contending otherwise. (Knickerbocker, supra, 199 Cal.App.3d. at pp. 244-246, 244 Cal.Rptr. 764.)
As does the appellant here, the plaintiff in Knickerbocker claimed that he "prevailed" at the Commission "and thus could not be required to obtain judicial review of this favorable decision." (199 Cal.App.3d at p. 244, 244 Cal.Rptr. 764.) The court's discussion of this contention is instructive: "[H]e rails against any system of justice which would force him to release the bird he holds in his hand (a sergeancy with back pay) in order to grab at the lieutenancy in the bush before being able to bring an independent action for his other damages. First, plaintiffs premise is wrong. On his administrative writ application, the only issue before the reviewing court would be whether the Commission abused its discretion in reducing his rank to sergeant, not whether he should have been fired. Consequently, by seeking review he would not expose himself to the risk of total defeat. Second, and most importantly, the resolution by the Commission was not a victory for plaintiff; at best, it was a draw in which the Commission implicitly *275 did not find cause for discharge but did find cause for demotion. By failing to overturn this implicit factual resolution by the Commission, plaintiff cannot maintain his causes of action against the defendants to the extent that they are inconsistent with this resolution. This is because the Commission's resolution establishes a defense of justification for them on the face of his complaint. Thus, it does not matter (as he alternatively contends) that his remedies at common law are independent of any relief the Commission might award. The question is not what damages can be awarded but what issues have been conclusively determined between the parties." (Id. at pp. 244-245, 244 Cal.Rptr. 764.)
Similarly here, the Commission's order was a mixture of victory and defeat for appellant. It conclusively determined that her demotion was not justified, but in approving the findings made by the hearing officer it also determined that she did not present evidence sufficient to prove any violation of FEHA by respondent. She could have objected to those findings before the Commission's order became final and sought to have the findings amended, and she could have judicially challenged the adverse determination by way of an administrative writ. She did neither, and that determination is now final and binding on her. Thus she is estopped from maintaining her present claim for retaliatory demotion in violation of FEHA.

DISPOSITION
The judgment is affirmed.
We concur: EPSTEIN and HASTINGS, JJ.
NOTES
[1] County of Los Angeles Civil Service Rules, rule 4.13, provides in relevant part as follows: "C. If a party requests findings of fact and conclusions of law, the commission may either adopt the report of the hearing board as its proposed findings and conclusions, direct one of the parties to prepare proposed findings and conclusions, or draft its own findings and conclusions. Copies of the proposed findings or conclusions shall be served personally or by mail on each party. Where practicable, such service should be made within 15 business days of the receipt of the request.

"D. If either party files objections to the proposed findings and conclusions within the time specified above and the commission believes that the objections or parts thereof have validity, the commission shall amend the proposed findings and conclusions accordingly, and shall notify the parties that the amended findings and conclusions are a new proposed decision. Any party who has not previously filed objections shall have 10 business days from the date of the notice of the new proposed decision to file objections to that decision. The commission shall then consider those objections, and notify the parties of its final decision.
"E. If no party files objections to the proposed findings and conclusions within 10 business days after service, they shall constitute the final decision of the commission.'' (L.A. County Code, tit. 5, Personnel, appendix 1, Civil Service Rules, rule 4.13.)
[2] Although the notice of appeal was filed a month before judgment was entered, we will construe the premature notice of appeal as having been properly taken from the final judgment. (Cal. Rules of Court, rule 2(d).)
[3] Plaintiff filed concurrently with his complaint a petition for a writ of administrative mandate pursuant to Code of Civil Procedure section 1094.5, challenging the administrative findings. The superior court concluded the writ petition was barred because the plaintiff was guilty of laches, and the Supreme Court upheld that ruling. (Johnson v. City of Loma Linda, supra, 24 Cal.4th at pp. 67-69, 99 Cal.Rptr.2d 316, 5 P.3d 874.)
[4] Pursuant to statutory amendment, the provision regarding retaliatory discharge is now designated as subdivision (h). (Stats.2000, c. 1049, § 7.5.)