NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | | |
|---|---|---|
| SHAHROKH MIRESKANDARI, | ) | No. 13-56858 |
| | ) | |
| Plaintiff-Appellee, | ) | D.C. No. 2:12-cv-02943-MMM-SS |
| | ) | |
| v. | ) | MEMORANDUM* |
| | ) | |
| ASSOCIATED NEWSPAPERS, | ) | |
| LTD.; DAVID GARDNER, | ) | |
| | ) | |
| Defendants-Appellants, | ) | |
| | ) | |
| SHAHROKH MIRESKANDARI, | ) | No. 14-56438 |
| | ) | |
| Plaintiff-Appellant, | ) | D.C. No. 2:12-cv-02943-MMM-SS |
| | ) | |
| v. | ) | |
| | ) | |
| ASSOCIATED NEWSPAPERS, | ) | |
| LTD.; DAVID GARDNER, | ) | |
| | ) | |
| Defendants-Appellees, | ) | |
| | ) | |
| SHAHROKH MIRESKANDARI, | ) | No. 14-56911 |
| | ) | |
| Plaintiff-Appellant, | ) | D.C. No. 2:12-cv-02943-MMM-SS |
| | ) | |
| v. | ) | |
| | ) | |

*This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

ASSOCIATED NEWSPAPERS,   )
LTD.; DAVID GARDNER,   )
   )
   Defendants-Appellees,   )
   )

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Submitted October 3, 2016[**]
Pasadena, California

Before: REINHARDT, FERNANDEZ, and OWENS, Circuit Judges.

Associated Newspapers Ltd. and David Gardner (collectively, "ANL") appeal the district court's denial of their motion to strike two claims in Shahrokh Mireskandari's First Amended Complaint pursuant to California's anti-SLAPP[1] statute. *See* Cal. Code Civ. Proc. § 425.16(b)(1). For his part, Mireskandari appeals the district court's award of attorney's fees to ANL under the anti-SLAPP statute[2] and its award of sanctions against him.[3] We dismiss No. 13-56858 ("the

---

[**]The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

[1]SLAPP is the acronym for "strategic lawsuit against public participation." *Hilton v. Hallmark Cards*, 599 F.3d 894, 899 n.1 (9th Cir. 2010).

[2]Cal. Civ. Proc. Code § 425.16(c).

[3]*See* Fed. R. Civ. P. 16(f)(2).

2

merits appeal") and affirm Nos. 14-56438 and 14-56911.

(1)     Mireskandari asserts that the merits appeal is now moot because he has voluntarily dismissed the action in the district court.  We agree.  While we did have interlocutory jurisdiction over the merits appeal,[4] the underlying action was subsequently dismissed, and there is no relief that we could now grant on the merits.[5]  In fact, the parties inform us that the case is now proceeding in the California courts.

ANL does not dispute the above,[6] except, it argues, that it might be entitled to additional anti-SLAPP attorney's fees if the district court's denial of a portion of its motion were reversed.  However, we have made it clear that "'[c]laims for attorneys' fees ancillary to [a] case survive independently'" and that "[t]he existence of an attorneys' fees claim thus does not resuscitate an otherwise moot controversy."  *Cammermeyer*, 97 F.3d at 1238; *see also Ctr. for Biological Diversity v. Marina Point Dev. Co.*, 566 F.3d 794, 805–06 (9th Cir. 2009) and

---

[4]*See Batzel v. Smith*, 333 F.3d 1018, 1024 (9th Cir. 2003).

[5]*See Cammermeyer v. Perry*, 97 F.3d 1235, 1237 (9th Cir. 1996).

[6]ANL does not contend that there is any other impediment to mootness, and it does not appear that Mireskandari could now refile the claim in federal court. *See* Cal. Civ. Proc. Code § 340(c) (statute of limitations); *Roberts v. McAfee, Inc.*, 660 F.3d 1156, 1166, 1169 (9th Cir. 2011).

3

cases cited therein; *United States v. Ford*, 650 F.2d 1141, 1144 n.1 (9th Cir. 1981).

Thus, although we did have jurisdiction at the inception of the merits appeal, it has now become moot, and will be dismissed for lack of jurisdiction.

(2)    Mireskandari asserts that the district court abused its discretion when it awarded the anti-SLAPP attorney's fees[7] against him because ANL did not succeed in striking all of his claims pursuant to its anti-SLAPP motion, and because the fees are unreasonably large.  Of course, the mere fact that Mireskandari has now dismissed the action does not affect ANL's right to recover appropriate fees,[8] but the award is subject to the trial court's broad discretion,[9] and must be reasonable in amount.[10]

Mireskandari wrongly asserts that ANL's attorney's fees had to be reduced because it did not prevail on the whole of its anti-SLAPP motion.  We cannot say that the district court abused its discretion when it determined that on balance ANL

---

[7]*See* Cal. Civ. Proc. Code § 425.16(c).

[8]*See Wilkerson v. Sullivan*, 99 Cal. App. 4th 443, 446, 121 Cal. Rptr. 2d 275, 277 (2002).

[9]*See Mann v. Quality Old Time Serv., Inc.*, 139 Cal. App. 4th 328, 340, 42 Cal. Rptr. 3d 607, 614–15 (2006); *see also Manufactured Home Cmtys., Inc. v. County of San Diego*, 655 F.3d 1171, 1176 (9th Cir. 2011); *United States v. Hinkson*, 585 F.3d 1247, 1261–62 (9th Cir. 2009) (en banc).

[10]*See Robertson v. Rodriguez*, 36 Cal. App. 4th 347, 362, 42 Cal. Rptr. 2d 464, 472 (1995); *see also Manufactured Home*, 655 F.3d at 1176.

4

was highly successful, and that no reduction for failure to fully prevail was required.[11]

Moreover, we cannot say that the fee award was unreasonably large under the circumstances. The district court reduced ANL's fee award by fifteen percent across the board because it determined that there was some overbilling. When properly explained, that approach is satisfactory. *See Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). The district court carefully delineated its reasoning in deciding that a reduction was required. Overall, it said enough to allow our review of its exercise of discretion.

(3) Mireskandari also asserts that the district court erred when it imposed sanctions upon him for his violation of the court's scheduling and other pretrial orders. *See* Fed. R. Civ. P. 16(f)(1)(c), 16(f)(2). He argues that once he dismissed the complaint, sanctions for his past breaches of the district court's orders were improper. We see no justification for holding that a voluntary dismissal precludes issuance of a sanctions order. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395–96, 110 S. Ct. 2447, 2455–56, 110 L. Ed. 2d 359 (1990). To the extent that he

---

[11]*See Hensley v. Eckerhart*, 461 U.S. 424, 435, 103 S. Ct. 1933, 1940, 76 L. Ed. 2d 40 (1983); *see also Graciano v. Robinson Ford Sales, Inc.*, 144 Cal. App. 4th 140, 158–59, 50 Cal. Rptr. 3d 273, 288–89 (2006); *Mann*, 139 Cal. App. 4th at 344–45, 42 Cal. Rptr. 3d at 618–19; *Abdallah v. United Sav. Bank*, 43 Cal. App. 4th 1101, 1111, 51 Cal. Rptr. 2d 286, 293 (1996).

5

suggests that a sanction for violating a scheduling or other pretrial order is not collateral to the merits of the action, we disagree. The district court had authority to sanction him for his actions prior to the voluntary dismissal. *Cf. Cooter & Gell*, 496 U.S. at 395, 110 S. Ct. at 2455; *Allen v. Exxon Corp. (In re Exxon Valdez)*, 102 F.3d 429, 431 (9th Cir. 1996). Thus, this claim fails.[12]

DISMISSED as to Appeal No. 13-56858; and AFFIRMED as to Appeals Nos. 14-56438 and 14-56911.

---

[12]We note that Mireskandari raises issues in his reply brief regarding Nos. 14-56438 and 14-56911 that were neither raised at the district court nor raised in his opening brief. We decline to consider those issues. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999); *Crawford v. Lungren*, 96 F.3d 380, 389 n.6 (9th Cir. 1996).