Filed 2/23/15  Smith v. Los Angeles County Office of Education CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| KIANA SMITH, | B252466 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC494537) |
| v. | |
| LOS ANGELES COUNTY OFFICE OF EDUCATION, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Yvette M. Palazuelos, Judge.  Affirmed.

AlderLaw, Michael Alder, Marni B. Folinsky; Krieger & Krieger, Linda Guthmann Krieger, Patrick A. Gangitano, and Terrence B. Krieger for Plaintiff and Appellant.

Musick, Peeler & Garrett, Cheryl A. Orr, and Kristine E. Kwong for Defendant and Respondent.

———————————————

Plaintiff Kiana Smith filed this appeal after the trial court granted a motion for judgment on the pleadings by her former employer, defendant Los Angeles County Office of Education (LACOE), in this action alleging violations of the Fair Employment and Housing Act (FEHA) and related causes of action. The trial court concluded this action is barred because Smith failed to exhaust her judicial remedies by filing a petition for writ of administrative mandate in superior court challenging the administration decision upholding LACOE's termination of her employment. We affirm. The findings of fact and conclusions of law in the administrative decision are final and binding and Smith may not relitigate those issues in this forum.

## BACKGROUND

Smith began working for LACOE as a budget technician in March 2009. On October 7, 2011, LACOE served Smith with a Notice of Proposed Dismissal, stating LACOE intended to dismiss Smith from her employment as a system specialist in the budget section, effective October 21, 2011, due to Smith's alleged violation of several Personnel Commission Rules.

The Notice of Proposed Dismissal listed the following "causes for the proposed disciplinary action":

"(A) Insubordination or willful disobedience. (Personnel Commission Rule 4250.5.3)

"(B) Violation of law, regulation, policy or established work procedure. (Personnel Commission Rule 4250.5.5)

"(C) Engagement in political and/or personal activities during assigned hours of duty. (Personnel Commission Rule 4250.5.9)

"(D) Work-related dishonesty, theft, willful misuse for personal gain, willful destruction or mishandling of office property and examination deception or fraud. (Personnel Commission Rule 4250.5.17)

"(E) Discourteous, offensive, abusive or threatening conduct toward others. (Personnel Commission Rule 4250.5.23)

2

"(F) Any other work-related offense so grievous that a reasonable person would interpret it as an unacceptable work behavior or action. (Personnel Commission Rule 4250.5.25)."

The Notice of Proposed Dismissal also included a five-page "Statement of Charges" listing the "facts and allegations that support the above causes for disciplinary action." LACOE alleged Smith made derogatory comments about coworker Mahendra Ahuja in e-mails to another coworker, and later "knowingly filed a false 'formal sexual harassment' complaint against Ahuja." LACOE also alleged Smith engaged in an unprofessional personal relationship with another coworker, Moses Tanwanseng, and used her work computer during regular business hours to communicate with him via e-mail regarding "highly personal matters." LACOE further alleged Smith made an unmeritorious sexual harassment complaint against Tanwanseng after Tanwanseng discontinued his financial support of Smith and her son. LACOE also alleged Smith made a "dishonest" and "exaggerated" report to LACOE regarding "a potential threat or harm from Tanwanseng's wife."

Smith maintains her "relationship [with Tanwanseng] was always platonic, as Smith is and at all relevant times was a lesbian . . . , and Tanwanseng is approximately thirty years her senior." According to Smith, between April 2010 and July 2011, Tanwanseng "provided Smith and her young son with unsolicited gifts and financial support," including monetary gifts, airfare for Smith and her son to take two trips, the purchase of a house in Smith's name, and the lease of a 2008 BMW car. These gifts totaled more than $400,000.

In both the dismissal proceedings before LACOE and the present action, Smith claimed her relationship with Tanwanseng changed on or about July 8, 2011, when she called Tanwanseng to pick her up from the hospital and he "place[d] his hands on the [hospital] bed and tried to fondle [her]." Later the same evening, after her discharge from the hospital, Smith met Tanwanseng at a casino and he attempted to kiss her when he greeted her. Smith rejected his advance and they remained at the casino gambling. A few days later, Tanwanseng's wife sent a text message to Smith demanding Smith "leave

3

her husband alone." Tanwanseng asked Smith to return the BMW he had leased for her and Smith complied.[1] Smith asserts she believed Tanwanseng's wife was a threat to her after Tanwanseng told her "his wife had taken his guns and ammunition and would not give them back to Tanwanseng."

In mid-July 2011, Smith reported to LACOE that Tanwanseng was sexually harassing her and his wife was threatening her. LACOE placed Smith and Tanwanseng on administrative leave for two days, met with them, and admonished them to keep their personal business out of the office. According to Smith, about a week later, on July 22, 2011, Tanwanseng came to her home during her lunch break and sexually assaulted her. In August 2011, after Tanwanseng's wife filed a civil action against Smith seeking return of all gifts from Tanwanseng, Smith filed a formal sexual harassment complaint against Tanwanseng with LACOE. LACOE placed Smith on administrative leave for several weeks and investigated the complaint. As set forth above, on October 7, 2011, LACOE served Smith with the Notice of Proposed Dismissal. According to Smith, the proposed discipline for Tanwanseng was suspension.

In response to the Notice of Proposed Dismissal, Smith requested a pre-discipline *Skelly* hearing, which was held on October 18, 2011. The hearing officer found no cause to modify the proposed dismissal, and Smith's employment was terminated effective October 21, 2011.

Smith appealed her dismissal to LACOE's Personnel Commission. A hearing was held January 19, 25, and February 24, 2012, before an appointed hearing officer. Four employees testified on behalf of LACOE. Tanwanseng testified on behalf of Smith. Smith declined to testify. LACOE introduced numerous exhibits including e-mails between Smith and Tanwanseng, dated April-August 2011, an investigative report regarding Smith's sexual harassment complaint against Ahuja, and an investigative report regarding Smith's sexual harassment complaint against Tanwanseng.

---

[1] Smith did not return or reimburse Tanwanseng for other gifts he had purchased for her, including the house where she and her son continued to live.

On or about March 15, 2012, the hearing officer issued a 19-page decision recommending the Personnel Commission affirm Smith's dismissal. The decision includes a discussion of the evidence presented at the hearing, 32 findings of fact, and six conclusions of law. The hearing officer concluded Smith violated six Personnel Commission rules by "bring[ing] her personal issues with Moses Tanwanseng into the workplace;" by using her LACOE computer e-mail to communicate with Tanwanseng about personal business; by conducting "personal activities during assigned hours of duty" related to her relationship with Tanwanseng; by making "dishonest" reports of sexual harassment against Ahuja and Tanwanseng; by making derogatory comments about Ahuja in e-mails to Tanwanseng; and by "wast[ing] time and resources of LACOE management by having to investigate frivolous complaints of harassment [against Ahuja and Tanwanseng] and security concerns [related to Tanwanseng's wife]."

Smith did not challenge the Personnel Commission's findings of fact and conclusions of law by filing a petition for writ of administrative mandate in superior court under Code of Civil Procedure section 1094.5. Thus, the Personnel Commission's decision became final and binding.

On October 25, 2012, after submitting a tort claim to LACOE and receiving a right to sue notice from the California Department of Fair Employment and Housing (DFEH), Smith filed the present action against LACOE. In her first amended complaint, she asserts four causes of action under FEHA: sexual harassment, unlawful discrimination based on sex, retaliation for opposing discrimination and harassment, and failure to prevent discrimination and harassment. She also asserts causes of action for wrongful termination in violation of public policy, negligent hiring, supervision and retention, and intentional infliction of emotional distress. Smith alleges Tanwanseng sexually harassed and sexually assaulted her, and LACOE retaliated against her for objecting to the harassment and assault by terminating her employment. Smith claims, at the hearing before the Personnel Commission, she presented "overwhelming evidence supporting [her] version of events, including her claims of sexual harassment, sexual assault and retaliation," but LACOE nonetheless terminated her employment.

5

In response to Smith's first amended complaint, LACOE filed a motion for judgment on the pleadings, arguing Smith's action is barred because she failed to exhaust her judicial remedies by filing a petition for writ of administrative mandate in superior court challenging the adverse administration decision. LACOE asserted, because the findings of fact and conclusions of law in the administrative decision are final and binding, Smith is collaterally estopped from relitigating the issues in the present action. Smith filed an opposition to the motion, arguing "none of the issues before [the trial] court were necessarily and finally decided on the merits by the Personnel Commission," and she was not required to challenge the administrative decision by writ before proceeding with this action.

Agreeing with LACOE's arguments, the trial court granted the motion for judgment on the pleadings without leave to amend and dismissed Smith's action.

## DISCUSSION

Smith contends the trial court erred in granting LACOE's motion for judgment on the pleadings on the grounds she failed to exhaust her judicial remedies and her claims are barred by collateral estoppel.

"Review of an order granting a motion for judgment on the pleadings is governed by the same standard applicable to reviewing an order sustaining a general demurrer. This court will examine only the face of the pleadings, together with matters subject to judicial notice, to determine whether such facts are sufficient to constitute a cause of action. A defendant is entitled to a judgment on the pleadings when it appears from the face of the complaint (or on those matters judicially noticed) that the complaint is barred as a matter of law. [Citation.] We review the pleadings de novo to determine whether the trial court erred in granting the motion." (*California Water Impact Network v. Newhall County Water Dist.* (2008) 161 Cal.App.4th 1464, 1476.)

"The underpinnings of [the] rule of exhaustion of judicial remedies . . . are buried in the doctrine of . . . collateral estoppel . . . ." (*Knickerbocker v. City of Stockton* (1988) 199 Cal.App.3d 235, 241.) "The doctrine of collateral estoppel bars the relitigating of issues which were previously resolved in an administrative hearing by an agency acting

6

in a judicial capacity." (*Id*. at p. 242.) "[U]nless a party to a quasi-judicial proceeding challenges the agency's adverse findings made in that proceeding, by means of a mandate action in superior court [under Code of Civil Procedure section 1094.5], those findings are binding in later civil actions." (*Johnson v. City of Loma Linda* (2000) 24 Cal.4th 61, 69-70, 71 ["Plaintiff's FEHA claim that his discharge was for discriminatory reasons is at odds with the preceding determination by the City that the termination was for economic reasons, a finding that . . . is now binding"].) A "plaintiff is bound by the [administrative agency]'s determination and to the extent that h[er] causes of action are inconsistent with that determination, they are fatally flawed. But plaintiff is not required to attack an administrative determination in which [s]he acquiesces." (*Knickerbocker v. City of Stockton*, *supra*, 199 Cal.App.3d at p. 244.)

On Smith's administrative appeal, the Personnel Commission found Smith's sexual harassment complaints against Ahuja and Tanwanseng, and her reports of threats from Tanwanseng's wife, were frivolous. The Commission further found Smith was dishonest in making these complaints and reports to LACOE. Smith acknowledges in her first amended complaint that these issues were before the Personnel Commission at the hearing on her administrative appeal. She alleges she presented "overwhelming evidence supporting [her] version of events, including her claims of sexual harassment, sexual assault and retaliation," but LACOE nonetheless terminated her employment. After hearing evidence regarding Ahuja's, Tanwanseng's, and Tanwanseng's wife's conduct toward her, including Tanwanseng's testimony on Smith's behalf, and hearing evidence regarding LACOE's reaction to Smith's reports of sexual harassment and security concerns, the Personnel Commission determined LACOE properly terminated Smith's employment.

Smith did not challenge the Personnel Commission's adverse findings and determination by filing a petition for writ of administrative mandate in superior court under Code of Civil Procedure section 1094.5. Thus, the Commission's findings and determination against her are final and binding. Smith's causes of action against LACOE in the present action, alleging sexual harassment and discrimination, retaliation for

7

opposing sexual harassment and discrimination, failure to prevent harassment and discrimination, wrongful termination in violation of public policy, negligent hiring, supervision and retention of Tanwanseng, and intentional infliction of emotional distress, are inconsistent with the Commission's findings and determination and are therefore "fatally flawed." (*Knickerbocker v. City of Stockton*, *supra*, 199 Cal.App.3d at p. 244.) All of these causes of action are based on Smith's allegations regarding Ahuja's, Tanwanseng's and Tanwanseng's wife's conduct toward her and LACOE's reaction to her reports of sexual harassment and security concerns, culminating in her dismissal.

Smith argues she was not required to assert her claims for damages against LACOE in the administrative appeal, and she has the right to choose the forum where she wants to pursue her damages claims. It is true that a government employee need not exhaust her administrative remedies before filing a complaint with DFEH and obtaining a right to sue notice. (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1092.) But once Smith decided to invoke her administrative remedies to challenge her termination, and the Personnel Commission made adverse findings regarding the merits of her sexual harassment claims and LACOE's reaction to same, Smith became bound by those adverse findings and cannot now bring causes of action which are based on allegations inconsistent with those findings.

"[W]hen, as here, a public employee pursues administrative civil service remedies, receives an adverse finding, and fails to have the finding set aside through judicial review procedures, the adverse finding is binding on discrimination claims under the FEHA." (*Johnson v. City of Loma Linda*, *supra*, 24 Cal.4th at p. 76.) Smith maintains these principles do not apply here because she appealed from discipline imposed on her; she did not file a grievance against LACOE, asserting her claims of sexual harassment and discrimination, retaliation and wrongful termination. As applied to the present appeal, this is a distinction without a difference. Smith appeared before the Personnel Commission and the Commission made an adverse determination and findings that are inconsistent with the material allegations on which Smith's causes of action are based. Smith cannot pretend those adverse findings do not exist. They are final and binding and

8

bar all of her causes of action against LACOE in the present action. (See *Miller v. City of Los Angeles* (2008) 169 Cal.App.4th 1373, 1376, 1382-1383 [where city employee appealed his discharge to the Board of Civil Service Commissioners, but failed to challenge the hearing examiner's determination by administrative mandate action in superior court, hearing examiner's determination and findings were binding in subsequent court action for discrimination, harassment, retaliation, intentional infliction of emotional distress, etc.].)

## DISPOSITION

The judgment is affirmed. Respondent is entitled to recover costs on appeal.

NOT TO BE PUBLISHED.

CHANEY, J.

We concur:

ROTHSCHILD, P. J.

JOHNSON, J.

9