Filed 1/20/23 Agajanian v. County of Orange CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JONATHAN SCOTT AGAJANIAN,<br><br>  Plaintiff and Appellant,<br><br>    v.<br><br>COUNTY OF ORANGE,<br><br>  Defendant and Respondent. | G061076<br><br>(Super. Ct. No. 30-2020-01161869)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Melissa R. McCormick, Judge. Affirmed.

Jonathan Scott Agajanian, in pro. per., for Plaintiff and Appellant.

Collins + Collins, Michael L. Wroniak, Aaron L. Britton and James C. Jardin for Defendant and Respondent.

Appellant Jonathan Scott Agajanian sued the County of Orange (the County) for alleged civil rights violations stemming from his prosecution for possession of illegal drug paraphernalia. The basis for Agajanian's lawsuit was that the subject paraphernalia was not booked into evidence at the sheriff's department until 10 days after he pleaded guilty to possessing it. However, the trial court dismissed Agajanian's case at the demurrer stage of the proceedings on the ground he failed to amend his complaint to allege a viable cause of action after he was granted leave to do so. As he did in the trial court, Agajanian is representing himself on appeal. He contends the dismissal was improper, but we disagree and affirm the trial court's ruling.

FACTUAL AND PROCEDURAL BACKGROUND

According to Agajanian's lawsuit, he was arrested and taken into custody on January 10, 2018, for unlawfully possessing drug paraphernalia. (See Health & Saf. Code, § 11364.) At his arraignment, he pleaded guilty to that offense and was sentenced to 90 days in jail. He was in custody for about six weeks before being released on February 25, 2018.

Roughly two years later, Agajanian received a letter from the District Attorney's Conviction Integrity Unit (CIU) informing him the paraphernalia he pleaded guilty to possessing was not booked into evidence at the sheriff's department until January 22, 2018, ten days after he entered his guilty plea. The letter advised Agajanian this circumstance "does not necessarily mean [the paraphernalia] was booked late, the deputy involved violated any policy or the evidence booking issue, if any, was relevant or material" to his case. However, Agajanian was told to contact the CIU if he believed his due process rights may have been impacted by the timing of events in his case.

Agajanian took up the invitation, and in response to his concerns, an attorney in the CIU notified him that she would be asking the court to permit him to withdraw his guilty plea and to dismiss the case. However, even though those remedies

2

were implemented, Agajanian still felt aggrieved, so he filed a lawsuit against the County, the sheriff, and 10 unnamed deputies.

The linchpin of Agajanian's first amended complaint was that the County improperly withheld exculpatory information from him before he entered his guilty plea. Relying on *Brady v. Maryland* (1963) 373 U.S. 83 (*Brady*), Agajanian claimed he had a right to know the paraphernalia he allegedly possessed unlawfully had not been booked into evidence at that time. And, if he had been so informed, he would not have pled guilty, and he would not have had to spend six weeks in jail. Instead, he would have filed a motion to dismiss and avoided a conviction altogether.[1]

As reflected in his first cause of action, Agajanian asserted the County's *Brady* violation infringed his civil rights under the state and federal Constitutions, including the right to due process. The remaining causes of action in the complaint were derivative in nature. Alleging the County's *Brady* violation rendered him unable to enter a knowing and intelligent plea and caused him to be illegally confined, Agajanian alleged causes of action for lack of informed consent, false imprisonment, assault and battery, and intentional infliction of emotional distress. He also claimed the County's transgression of his civil rights was so blatant it violated the Tom Bane Civil Rights Act (Bane Act). (See Civ. Code, § 52.1 [creating a private cause of action against any defendant who interferes, by threats, intimidation, or coercion, with the plaintiff's legal rights].) Agajanian sought $1 million in compensatory damages, and punitive damages in the amount of $2 million.

---

[1] In making this claim, Agajanian overlooks the fact the paraphernalia was not actually lost but apparently just booked into evidence in an untimely manner. However, since his case was decided at the demurrer stage, we will not question the merits of his claims. (*Stueve Bros. Farms, LLC v. Berger Kahn* (2013) 222 Cal.App.4th 303, 310 [a demurrer "'challenges only the legal sufficiency of the complaint, not the truth of its factual allegations or the plaintiff's ability to prove those allegations'"].)

In response to the County's demurrer, Agajanian conceded he did not plead sufficient facts to support his claim under the Bane Act. He also agreed to dismiss the sheriff from his lawsuit.

After hearing argument on the matter, the trial court sustained without leave to amend the County's demurrer to Agajanian's civil rights claims in his first cause of action. As to the remaining causes of action, the court sustained the demurrer with 20 days leave to amend.

In his second amended complaint, Agajanian did not include any of the causes of action the trial court had granted him permission to amend. Instead, he alleged a single cause of action under *Brady* for alleged violations of his civil rights under the state and federal Constitutions. In all material respects, this claim mirrored the first cause of action set forth in Agajanian's previous complaint.

In styling his second amended complaint this way, Agajanian made it clear his *Brady*-related civil rights claim was the centerpiece of his lawsuit, and there was no independent basis for his other causes of action. In fact, after the County moved to strike the complaint, Agajanian doubled down on his civil rights claim, arguing the trial court had erred by previously sustaining the County's demurrer to that cause of action. Stressing the importance of prosecutorial fairness, Agajanian insisted he had alleged a proper claim against the County for violating his civil rights.

The trial court disagreed. It found Agajanian's civil rights claim procedurally problematic because the County's demurrer to that cause of action had previously been sustained without leave to amend. Furthermore, to the extent Agajanian was seeking reconsideration of that ruling, the court determined the request was untimely and without merit. And because Agajanian did not allege any of the previous causes of action the court had granted him leave to amend, there was nothing left to decide. Therefore, the court struck Agajanian's second amended complaint and dismissed his lawsuit.

DISCUSSION

I

In challenging the dismissal order, Agajanian focuses on the trial court's decision to sustain without leave to amend the County's demurrer to the first cause of action in his first amended complaint. Agajanian contends that decision was erroneous because he alleged a viable civil rights claim based on the County's failure to comply with *Brady* in his underlying criminal case. We cannot agree.

On appeal from a judgment dismissing an action at the demurrer stage, we assume the truth of the factual allegations set forth in the complaint, but we do not assume the truth of contentions, deductions or conclusions of law. (*McAllister v. Los Angeles Unified School Dist.* (2013) 216 Cal.App.4th 1198, 1206.) Exercising de novo review, we must determine whether the complaint states a cause of action as a matter of law. (*Villafana v. County of San Diego* (2020) 57 Cal.App.5th 1012, 1016.) "[I]f the defendant negates any essential element, we will affirm the order sustaining the demurrer as to the cause of action. [Citation.]" (*Martin v. Bridgeport Community Assn., Inc.* (2009) 173 Cal.App.4th 1024, 1031.)

Before examining whether Agajanian alleged a viable claim for a violation of his civil rights, we first take up the County's contention regarding the manner in which Agajanian asserted that claim below. Because its demurrer to that claim was sustained without leave to amend, the County asserts it was improper for Agajanian to amend that claim in his second amended complaint. But there was no amendment. Agajanian did not substantively alter his civil rights claim when he included it in his second amended complaint. Rather, as the trial court recognized below, he simply realleged it as part of an effort to convince the court that its ruling on the County's original demurrer was incorrect. Although that was not the proper method for Agajanian to seek reconsideration of the court's ruling, it does not preclude him from challenging that ruling on appeal. (See *National Union Fire Ins. Co. of Pittsburgh, PA v. Cambridge Integrated Services*

5

*Group, Inc.* (2009) 171 Cal.App.4th 35, 44 [in reviewing the propriety of a civil judgment, the appellate court may generally review any intermediate order, ruling or decision which pertains to the merits of the judgment].) Therefore, we will proceed to the merits of that ruling.

Agajanian's position on the merits is simple: Since his underlying criminal conviction was dismissed due to *Brady* concerns stemming from the prosecution's failure to disclose potentially exculpatory evidence prior to his guilty plea, he should have the right to sue the County for the harm he suffered because of that failure. Unfortunately for Agajanian, the law is not that simple.

Pursuant to section 1983 of title 42 of the United States Code (§ 1983), municipalities and local governments are subject to suit for violating the federal civil rights of their citizens. (*Monell v. New York City Dept. of Social Services* (1978) 436 U.S. 658, 690.) But "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." (*Id.* at p. 694.)

Thus, to make out a valid claim pursuant to § 1983, the plaintiff must allege specific facts showing the existence of a municipal policy or custom that proximately resulted in the deprivation of his or her civil rights. (*Dougherty v. City of Covina* (9th Cir. 2011) 654 F.3d 892, 900.) The policy or custom must be "so persistent and widespread as to practically have the force of law. [Citations.]" (*Connick v. Thompson* (2011) 563 U.S. 51, 61 [deeming evidence of a single *Brady* violation insufficient to sustain a § 1983 claim].)

Reviewing Agajanian's pleadings in this case, it is clear he failed to satisfy the policy or custom requirement. He did allege the persons involved in violating his *Brady* rights engaged in conduct that was intentional, purposeful and unlawful. But he

6

did not allege the violation of which he complained was "persistent and widespread." He did not allege the county's agents were acting pursuant to any policy or custom, let alone one that essentially had the full force and effect of law. Therefore, he failed to state a valid cause of action against the county for violating his federal civil rights. (*Kreutzer v. County of San Diego* (1984) 153 Cal.App.3d 62, 70.)

Agajanian also alleged that, by failing to comply with *Brady*, the County violated his state civil rights. In particular, Agajanian alleged that failure infringed his state constitutional rights to due process, to privacy, to speak freely and associate with others, and to be free from unreasonable searches and seizures. (See Cal. Const., Art. 1, §§ 1, 2, 3, 7 & 13.) These infringements were not pleaded as independent and unrelated violations. Rather, Agajanian alleged he was convicted in violation of due process by virtue of the County's *Brady* violation, and on account of that transgression, he was unable to exercise his other constitutional rights because he was in jail.

However, there is no right to monetary damages for a violation of the due process clause of the California Constitution. (*Katzberg v. Regents of University of California* (2002) 29 Cal.4th 300, 326; *City of Simi Valley v. Superior Court* (2003) 111 Cal.App.4th 1077, 1084.) And since Agajanian's remaining constitutional claims were dependent on the viability of his due process claim, it follows that those claims are also not compensable. Thus, Agajanian has not only failed to allege a valid claim for a violation of his federal civil rights, he has also failed to allege a valid claim for a violation of his state civil rights. That being the case, the trial court properly sustained the County's demurrer to the first cause of action in his complaint.

II

Harkening back to his criminal case, Agajanian also complains the prosecutor failed to offer him the opportunity to participate in a diversion program as a way to avoid criminal prosecution. (See Pen. Code, § 1000.) He attributes this failure to a bias against criminal defendants who proceed in propria persona. But, according to

Agajanian's lawsuit, he was represented by a public defender at his arraignment when he entered his guilty plea. He's in no position to accuse the prosecution of being unfair to pro per defendants.

Beyond that, Agajanian did not mention the diversion issue whatsoever in his civil lawsuit. Therefore, regardless of whether or not he had an attorney in his criminal proceedings, the issue is not an appropriate basis for impugning the trial court's rulings in this case. (See generally *Knickerbocker v. City of Stockton* (1988) 199 Cal.App.3d 235, 239, fn. 2 [in the context of a demurrer, the legal sufficiency of a complaint is judged solely by the pleadings and matters judicially noticeable, not other extrinsic materials or allegations].)

## DISPOSITION

The judgment is affirmed. The parties shall bear their own costs on appeal.

BEDSWORTH, ACTING P. J.

WE CONCUR:

MOORE, J.

MOTOIKE, J.