Filed 1/17/24  Brown v. Capital Asset Partners CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| ROBERT A. BROWN et al.,<br><br>　　　Plaintiffs and Appellants,<br><br>　　　v.<br><br>CAPITAL ASSET PARTNERS et al.,<br><br>　　　Defendants and Respondents. | B321763<br><br>(Los Angeles County<br>Super. Ct. No. 21STCV14819) |

　　　APPEAL from an order of the Superior Court of Los Angeles County, Upinder S. Kalra and Yolanda Orozco, Judges. Affirmed.

　　　Law Offices of Robert A. Brown and Robert A. Brown for Plaintiffs and Appellants.

　　　Counts Law Firm, Emahn Counts and Dina Adham for Defendants and Respondents Esfandiary, LLC, and Capital Asset Partners, LLC.

Hydee Feldstein Soto, City Attorney, Denise C. Mills, Chief Deputy City Attorney, John Heath, Terry P. Kaufmann-Macias, Adrienne S. Khorasanee, Assistant City Attorneys, and Oscar Medellin, Deputy City Attorney, for Defendant and Respondent City of Los Angeles.

\* \* \* \* \* \*

Appellants Robert Brown and Susana Brown (the Browns) challenge the judgment of dismissal entered after the demurrer of Esfandiary, LLC, and Capital Asset Partners, LLC (collectively Esfandiary), and the separate demurrer of City of Los Angeles (the City) were sustained without leave to amend. We find the Browns' claims for declaratory relief do not plead the existence of an actual controversy related to Esfandiary's 2019 application to subdivide the property because judicially noticed facts show the application had already been rejected by the City. Thus, we affirm.

## BACKGROUND

The Browns possess a road easement on Esfandiary's property. Esfandiary applied twice to subdivide its property—first in 2016 and then in 2019. The City initially approved the 2016 application, but later reversed its decision because the proposed subdivision would infringe on the Browns' road easement. Esfandiary submitted a revised plan in its 2019 application. However, before the City could make a decision, the Browns filed their civil complaint on April 19, 2021. In the complaint, the Browns sought two declarations: (1) that res judicata bars Esfandiary from carrying out the construction

2

identified in the 2021 proposed parcel map due to the denial of the 2016 application and (2) the City has no jurisdiction to approve the 2021 proposed map, which supports the 2019 application.[1]

While this action was pending on May 3, 2021, the City rejected Esfandiary's 2019 application. Subsequently both Esfandiary and the City filed demurrers challenging the sufficiency of Browns' declaratory relief claims. Esfandiary argued the pleadings did not establish that the City's denial of the 2016 application barred the 2019 application. Esfandiary also presented a declaration from Pascha Esfandiary confirming Esfandiary has no pending application to subdivide the property, thus suggesting there was no actual controversy. The City also argued that the Browns failed to allege they had exhausted their administrative remedies and that the claims were moot due to the rejection of the 2019 application.

The trial court sustained the City's demurrer because the Browns had not pleaded exhaustion of administrative remedies. The trial court also sustained Esfandiary's demurrer, finding no actual controversy existed. Additionally, the trial court determined declaratory relief was not necessary or proper under the circumstances, citing Code of Civil Procedure section 1061.[2]

---

[1]     Since the 2021 proposed parcel map was filed in support of and part of the 2019 application, our use of "2019 application" refers to both.

[2]     Code of Civil Procedure section 1061 states: "The court may refuse to exercise the power granted by this chapter in any case where its declaration or determination is not necessary or proper at the time under all the circumstances."

3

Finally, the Browns' proposed amendment did not correct the defects in their complaint. The Browns sought only to add an exhibit about the denial of the 2016 application and more allegations that the 2019 application had been denied. The trial court concluded the proposed amendment occurred subsequent to the filing of the complaint, specifically the denial by the City of the second application and the Browns' implicit acknowledgement there was no longer a current controversy. Thus, no leave to amend was granted.

The Browns filed a timely notice of appeal.

## DISCUSSION

### I. Applicable law and standard of review

A demurrer tests the legal sufficiency of the complaint. (*Hernandez v. City of Pomona* (1996) 49 Cal.App.4th 1492, 1497 (*Hernandez*).) First, we review the complaint de novo to determine whether it contains sufficient facts to state a cause of action. (*Ibid.*) "In doing so, we accept as true the properly pleaded material factual allegations of the complaint, together with facts that may be properly judicially noticed." (*Ibid.*) Reversal is warranted if facts were alleged showing that the plaintiff is entitled to relief under any possible legal theory. (*Ibid.*)

When a demurrer is sustained without leave to amend, we must determine whether the trial court abused its discretion in declining to grant leave to amend. (*Hernandez, supra*, 49 Cal.App.4th at p. 1497.) "[W]e will only reverse for abuse of discretion if we determine there is a reasonable possibility the

Unless otherwise indicated, all future statutory references are to the Code of Civil Procedure.

4

pleading can be cured by amendment." (*Id*. at p. 1498.) "The burden of proving such reasonable possibility is squarely on the plaintiff." (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

## II.   There is no actual controversy to resolve

In the complaint the Browns sought a judicial adjudication of the parties' rights and duties related to Esfandiary's 2019 application. First, the Browns sought a declaration that, due to the City's denial of the 2016 application, res judicata barred Esfandiary from implementing the plans in the 2019 application. Second, the Browns sought a declaration that the City's denial of the 2016 application deprived it of jurisdiction to approve the proposed parcel map in the 2019 application.

Declaratory relief is available to a party "who desires a declaration of his or her rights or duties with respect to another." (§ 1060.) A complaint for declaratory relief is legally sufficient if it sets forth facts showing the existence of an actual controversy relating to the legal rights and duties of the parties and requests that the rights and duties of the parties be adjudged by the court. (*Monterey Coastkeeper v. California Regional Water Quality Control Bd., etc.* (2022) 76 Cal.App.5th 1, 13 (*Monterey Coastkeeper*).)

"A party seeking declaratory relief must show a very significant possibility of future harm. [Citation.] In assessing whether declaratory relief is available, a court determines whether 'a probable future dispute over legal rights between parties is sufficiently ripe to represent an "actual controversy" within the meaning of the statute authorizing declaratory relief (Code Civ. Proc., § 1060), as opposed to purely hypothetical concerns . . . .'" (*Monterey Coastkeeper, supra*, 76 Cal.App.5th at p. 13.)

"'The ripeness requirement, a branch of the doctrine of justiciability, prevents courts from issuing purely advisory opinions.' [Citation.] Generally speaking, a controversy is ripe "'when it has reached, but has not passed, the point that the facts have sufficiently congealed to permit an intelligent and useful decision to be made.'" [Citation.] 'In contrast, unripe cases are those "'in which parties seek a judicial declaration on a question of law, though no actual dispute or controversy ever existed between them requiring the declaration for its determination.'"'" (*Redondo Beach Waterfront, LLC v. City of Redondo Beach* (2020) 51 Cal.App.5th 982, 1000.)

Here, there is no actual controversy requiring a judicial declaration on Esfandiary's 2019 application because judicially noticed facts show the application was rejected by the City. During hearings on January 14 and 19, 2022, the Browns acknowledged the rejection of Esfandiary's 2019 application. Thus any court ruling on the rights and duties pertaining to the 2019 application would not resolve a current dispute; instead, the ruling would be an idle act or purely advisory.

The Browns argued the rejection of the 2019 application does not make their claims deficient, citing *Californians for Native Salmon etc. Assn. v. Department of Forestry* (1990) 221 Cal.App.3d 1419, where an actual controversy was recognized after an application to a public entity was withdrawn. In that case, a company obtained approval from the Department of Forestry for the cutting of 76 acres of fir trees. The plaintiffs sued the department, seeking a writ of mandate vacating the approval and declaratory relief concerning the department's policies for evaluating similar applications. Subsequently the company withdrew its application. Based on that withdrawal, the trial

6

court found no actual controversy existed and sustained the department's demurrer without leave to amend. The plaintiffs, however, had also sought relief pertaining to the department's policies. Thus the Court of Appeal reversed, finding the withdrawal did not moot the controversy over the department's policies.

Here, the Browns' lawsuit concerned solely Esfandiary's 2019 application, not the City's overall policies on subdivision approvals. With the 2019 application rejected, there is no need for the court to determine whether res judicata applies or whether the City has jurisdiction. As a result, the rejection of the 2019 application makes moot the controversy identified in the pleadings.

The Browns also argue the need for declaratory relief for any future applications Esfandiary might file. They attempt to find support in three inapposite cases. First, in *Redwood Coast Watersheds Alliance v. State Bd. of Forestry & Fire Protection* (1999) 70 Cal.App.4th 962, the Court of Appeal affirmed a trial court's determination that the State Board of Forestry had a mandatory duty under the Z'berg-Nejedly Forest Practice Act of 1973 to enact timber regulations. The case concerned the interpretation of a statute in order to determine whether the board had a mandatory or discretionary duty to enact the regulations. Despite the fact the board had promulgated regulations, the court found a justiciable issue existed because the board might avoid its duty by continually delaying the effective date of the regulations.

The Browns' argument is not supported by this case because the Browns are not seeking a determination of an existing dispute, such as whether the City had a mandatory or

discretionary duty under a statute. No actual dispute exists here until Esfandiary files an application for the court to review the proposed plans for the subdivision to determine if they burden the Browns' road easement.

In the second case offered by the Browns, *Mefford v. City of Tulare* (1951) 102 Cal.App.2d 919, the court addressed a challenge to the City of Tulare's ordinance requiring property owners to file subdivision maps. The plaintiff claimed the ordinance was invalid even though he had not filed a subdivision map or sought to comply with the ordinance. The Court of Appeal found declaratory relief was a proper method for adjudicating the validity of the ordinance. The case thus concerned an actual controversy over the validity of an ordinance and not the validity of any unfiled subdivision map.

In the third case, *City of Tiburon v. Northwestern Pac. R.R. Co.* (1970) 4 Cal.App.3d 160, the city claimed the defendants had violated ordinances regulating subdivisions. The claim arose from a lease agreement that included the option to purchase the property through five deeds that separated the property into five parcels. The city sought remedies to bar the defendants from selling or leasing the property until they complied with the statutes and ordinances governing property subdivisions. The Court of Appeal found an actual controversy existed regarding whether the defendants had violated the statutes and ordinances through the lease agreement. This case does not assist the Browns as they did not seek a declaration that Esfandiary is currently violating an ordinance or statute.

In each of the above cited cases, the Court of Appeal found an actual controversy existed without an application to the public entity because the disputes concerned policies, statutes, and

8

ordinances. Since the Browns' claims do not concern a dispute over a policy, statute, or ordinance, they have failed to show their pleadings meet the necessary standard. Instead their dispute concerns Esfandiary's efforts to subdivide its property at all. Until Esfandiary files another subdivision application, there is no actual controversy that would support a claim for declaratory relief.

Therefore, we find the demurrers by Esfandiary and the City were properly sustained.

## III. The Browns' claim against the City is barred by the exhaustion of remedies doctrine

Though the absence of an actual controversy alone invalidates the Browns' claims against Esfandiary and the City, their claims against the City are also barred because they sought a declaration that interfered with ongoing administrative processes. "Administrative proceedings should be completed before the issuance of a judicial writ. The rule is not a matter of discretion; compliance is a jurisdictional prerequisite to judicial review. [Citation.] "'Exhaustion" applies where a claim is cognizable in the first instance by an administrative agency alone; judicial interference is withheld until the administrative process has run its course.'" (*California Water Impact Network v. Newhall County Water Dist.* (2008) 161 Cal.App.4th 1464, 1489.)

Administrative procedures in Los Angeles Municipal Code sections 17.51 to 17.53 identify how property owners can obtain approval for proposed parcel maps. Section 17.54 describes the appeal process.

The Browns do not allege the administrative proceedings involving Esfandiary's 2019 application have been completed nor do they seek relief concerning the final determination on a

9

proposed parcel map. Instead, the Browns seek a court ruling that would interfere with an ongoing agency proceedings. This judicial interference is barred by the doctrine of exhaustion of remedies.

The Browns cite *Knickerbocker v. City of Stockton* (1988) 199 Cal.App.3d 235 (*Knickerbocker*), arguing they need not exhaust administrative remedies because they seek to enforce the outcome on the 2016 application, not challenge any decision by the City. In *Knickerbocker*, the plaintiff was fired from his position with the defendant as a police officer with the rank of lieutenant. He challenged his firing at a Civil Service Commission hearing and was reinstated at a lower rank. He did not challenge the commission's ruling by a writ; rather, he filed a lawsuit seeking damages for the firing. The plaintiff's acceptance of the reinstatement, without a reversal of the justification for his demotion, resulted in the dismissal of his lawsuit due to collateral estoppel.

The Browns rely on language that a plaintiff is not required to attack an administrative determination in which the plaintiff agrees. (*Knickerbocker, supra*, 199 Cal.App.3d at p. 244.) They argue there is no need to exhaust administrative remedies because they acquiesced in the outcome of the 2016 decision. Yet they seek declaratory relief for the 2019 application. The Browns' acceptance of the outcome of the 2016 application does not relieve them of the need to follow the City's procedures in contesting the 2019 application. The Browns' failure to plead exhaustion of remedies in the proceedings on the 2019 application demonstrates the trial court lacked jurisdiction to grant relief.

The trial court properly sustained the City's demurrer under this additional ground.

10

## IV.   No abuse of discretion in the denial of leave to amend

The trial court sustained Esfandiary's and the City's demurrers to the Browns' claims without leave to amend.

The Browns offer no amendment addressing the fundamental issue: the lack of an actual controversy. Rather they seek declaratory relief related to the already rejected 2019 application or a hypothetical future application. Any such declaration would be moot or purely advisory.

Under section 1061, courts may refuse to grant declaratory relief when such relief "is not necessary or proper at the time under all the circumstances." Here, the City has already rejected Esfandiary's 2019 application. While Esfandiary might file a future application, it is not possible to make a useful decision on whether a hypothetical subdivision plan will burden the Browns' road easement. Thus, the trial court properly exercised its discretion by refusing to adjudicate the parties' rights and duties when it would be an idle act or purely advisory.

Therefore it was not an abuse of discretion to deny leave to amend.


### DISPOSITION

The order is affirmed. Respondents are awarded their costs of appeal.


CHAVEZ, J.

We concur:


LUI, P. J.                          ASHMANN-GERST, J.

11