NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RHAWN JOSEPH,<br><br>               Plaintiff-Appellant,<br><br>  v.<br><br>CITY OF SAN JOSE, a Municipal corporation; et al.,<br><br>and<br><br>DAVE SYKES; et al.,<br>               Defendants-Appellees. | No. 23-15358<br><br>D.C. No.<br>1:19-cv-01294-RMI<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Robert M. Illman, Magistrate Judge, Presiding

Submitted September 11, 2024[**]
San Francisco, California

Before: WALLACE, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

Rhawn Joseph appeals pro se from the district court's summary judgment in

favor of Defendants-Appellees in his action bringing federal and state law claims

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

arising from the enforcement efforts of the City of San Jose ("City") requiring Joseph to remove structures, lower fencing, and trim strip cypress trees on his property. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's grant of summary judgment de novo. *See Perez v. City of Fresno*, 98 F.4th 919, 924 (9th Cir. 2024). We affirm.

1. Summary judgment was proper on Joseph's first claim, impairment of free religious exercise under the First Amendment. Joseph asserts that the City's assessments against his trees placed a substantial burden on the free exercise of his "religious and spiritual beliefs," which he describes as having "Buddhist, Taoist, Celtic, quantum physics, evolutionary, neurological, numerological, and cosmological foundations." Although "[i]t is not within the judicial ken to question the centrality of particular beliefs or practices to a faith, or the validity of particular litigants' interpretations of those creeds," a court may properly consider "whether the alleged burden imposed by the [challenged state action] is a substantial one." *Hernandez v. CIR*, 490 U.S. 680, 699 (1989). We hold that the City's actions did not create a substantial burden. Joseph voluntarily complied with the generally applicable municipal code requirements to trim the trees' overgrown vines, and he stated during his deposition that such trimming did not impair the trees' spiritual or religious value. *See Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009), quoting *Emp't Div., Dep't of Human Res. of Or.*

2

*v. Smith*, 494 U.S. 872, 879 (1990), *superseded by statute in other contexts as stated in Holt v. Hobbs*, 574 U.S. 352, 356–57 (2015) ("The right to freely exercise one's religion, however, 'does not relieve an individual of the obligation to comply with a valid and neutral law of general applicability on the ground that the law proscribes (or prescribes) conduct that his religion prescribes (or proscribes).'").[1]

2. Summary judgment was proper on Joseph's third claim, violation of the Fourth Amendment.[2] Joseph testified that he had not seen any City defendant enter his property and that nothing was taken from his property. The San Jose Municipal Code Inspectors testified, under oath, that they did not enter Joseph's property. Thus, there is no genuine dispute of material fact that no search occurred, and, accordingly, the Fourth Amendment is not implicated here. *See United States v. Jones*, 565 U.S. 400, 404–05 (2012) (stating that the government "physically

---

[1] To the extent that Joseph's claim is a violation of the First Amendment's Free Speech Clause, summary judgment was proper because Joseph had neither alleged nor offered facts demonstrating that the trees conveyed a message "that is intended to be communicative *and* that, in context, would reasonably be understood by the viewer to be communicative." *Clark v. Cmty. for Creative Non-Violence*, 468 U.S. 288, 294 (1984) (emphasis added).

[2] To the extent that Joseph argues that the City engaged in conspiracy and bribery, the conduct is prohibited by federal and state law, not the Fourth Amendment. *See* U.S. Const., amend. IV (emphasis added) (providing the "right of the people to be secure in their persons, houses, papers, and effects, *against unreasonable searches and seizures*"); *United States v. Attson*, 900 F.2d 1427, 1429 (9th Cir. 1990) ("The phrase 'searches and seizures' connotes that the type of conduct regulated by the fourth amendment must be somehow designed to elicit a benefit for the government in an investigatory or, more broadly, an administrative capacity.").

occupie[s] private property for the purpose of obtaining information," that is a "'search' within the meaning of the Fourth Amendment."); *United States v. Barajas-Avalos*, 377 F.3d 1040, 1056 (9th Cir. 2004), citing *United States v. Dunn*, 480 U.S. 294, 298, 304 (1987) (stating that an "observation" of private property "does not constitute a search when the observation is made from an open field or public place.").

3. Summary judgment was proper on Joseph's fourth claim, violation of the Fifth Amendment.[3]

The administrative hearing afforded Joseph due process. California's Administrative Procedures Act (APA), Cal. Gov't Code § 11400.20 *et seq.*, applies only to certain California state departments and agencies and expressly does not apply to "local agenc[ies]," which are defined in relevant part as a "city." Cal. Gov't Code §11410.30; *Miller v. County of Santa Cruz*, 39 F.3d 1030, 1036 (9th Cir. 1994), citing *Knickerbocker v. City of Stockton*, 244 Cal. Rptr. 764 (1988); (recognizing "cases involving public agencies not encompassed by the California APA, such as cities"). Moreover, "[t]he fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'"

---

[3] After conducting our own review of the review, we confirm that: (1) contrary to Joseph's argument that the "charges" against him "were dismissed" at the administrative hearing, the hearing officer *sustained* the Order except for the portion concerning the violation that Joseph had voluntarily corrected; and (2) the Appeals Hearing Board did not dismiss the *code violations* but rather dismissed *Joseph's appeal* because all violations had been corrected.

*Mathews v. Eldridge*, 424 U.S. 319, 333 (1976), quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965). The San Jose Municipal Code mandated, and the City provided, notice of the violations and the opportunity to be heard on those violations at a hearing where evidence may be presented to challenge those violations. SJMC §§ 1.14.045.B, D. Joseph received the notice and availed himself of the opportunity to attend a hearing and present evidence. Even though the Code does not provide the right to conduct discovery, present testimony under oath, subpoena witnesses, or conduct cross-examination, the rights it does provide—notice and the opportunity to be heard—are more than adequate due process protections.[4] *See Mathews*, 424 U.S. at 333.

The Appeals Hearing Board afforded Joseph due process. The two-year deadline Joseph claims the Board violated actually governs the California state's Occupational Safety and Health Appeals Board, an entirely separate entity from the City of San Jose's Appeals Hearing Board. *Compare* Cal. Lab. Code § 376 *with* SJMC § 2.08.620. The City of San Jose Municipal Code contains no such time restriction. Additionally, the Board did not "refuse[] to allow him to testify or present or rebut evidence or question his accusers"—by the time of the scheduled hearing, there was no need for further proceedings because Joseph had corrected all of the violations and had not been assessed any fines.

---

[4] Additionally, "[a]dministrative proceedings are not, however, bound by strict rules of evidence." *Baliza v. INS*, 709 F.2d 1231, 1233 (9th Cir. 1983).

To the extent that this claim alleged malicious prosecution, summary judgment was appropriate because the City employees are immune from such a suit and the City is correspondingly not liable. *See Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004) (stating that federal courts adjudicating actions brought under 42 U.S.C. § 1983 rely on state common law for elements of malicious prosecution); *AE v. County of Tulare*, 666 F.3d 631, 638 (9th Cir. 2012), citing Cal. Gov't Code § 815; *Guzman v. County of Monterey*, 46 Cal. 4th 887, 897, 9 (2009) ("California public entities are not subject to common law tort liability; all liability must be pursuant to statute."); Cal. Gov. Code § 821.6 ("A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause."); Cal. Gov. Code § 815.2(b) ("[A] public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability.").

4. Summary judgment was proper on Joseph's fifth claim, violation of the Sixth Amendment's Confrontation Clause. The Confrontation Clause's "right . . . to be confronted with the witnesses against him," U.S. Const. amend. VI, did not apply to the administrative hearing because "[t]he Sixth Amendment to the Constitution applies only to criminal proceedings." *Olshausen v. CIR*, 273 F.2d 23, 27 (9th Cir. 1959). Similarly, any analogous right under California's APA did

not apply here because the statute does not apply to municipalities like the City. *See* Cal. Gov't Code §11410.30; *Miller*, 39 F.3d at 1036.

5. Summary judgment was proper on Joseph's sixth claim, violation of the Eighth Amendment. Our record confirms that no fines were actually imposed; Joseph was merely warned of the possible penalties for noncompliance with the San Jose Municipal Code. *See In re Grand Jury Proceedings*, 33 F.3d 1060, 1062 (9th Cir. 1994) ("The time to raise the issue of an Eighth Amendment violation of his right to be free from excessive fines is after the imposition of such a fine."), citing *Ingraham v. Wright*, 430 U.S. 651, 671–72 n.40 (1977).

6. Summary judgment was proper on Joseph's seventh claim, violation of the Fourteenth Amendment's Equal Protection Clause. Joseph does not point to any evidence in the record from which we may draw a reasonable inference that the City cited him for his neighbor's code violations when the inspector did not specifically measure the height of his fence.[5] *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1065 n.10 (9th Cir. 2002) ("At summary judgment, this court need not draw *all* possible inferences in [Joseph's] favor, but only all *reasonable* ones."). Similarly, Joseph does not present any evidence showing that he was cited

---

[5] Instead, a much more plausible inference is that the Code inspector measured the neighbor's fence, which complied with the applicable restrictions, then observed Joseph's fence and interlocked cypress, approximately two and ten times the allowable height, respectively, and concluded that Joseph's fence was in violation based on clear visual evidence.

for the Code violations due to his religious beliefs. *See FTC v. Stefanchik*, 559 F.3d 924, 929 (9th Cir. 2009) ("A non-movant's bald assertions or a mere scintilla of evidence are both insufficient to withstand summary judgment.").

7. Summary judgment was proper on Joseph's eighth claim, liability under *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658 (1978) because there was no violation of Joseph's constitutional rights. *See Hart v. Parks*, 450 F.3d 1059, 1071 (9th Cir. 2006), citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

8. Summary judgment was proper on Joseph's ninth claim, violation of the California Bane and Ralph Civil Rights Acts, because he admitted under oath that Defendants-Appellees did not threaten, intimidate, or coerce him, with violence or otherwise. *See Sandoval v. County of Sonoma*, 912 F.3d 509, 519 (9th Cir. 2018), citing Cal. Civ. Code § 52.1; *Corales v. Bennett*, 567 F.3d 554, 570–71 (9th Cir. 2009), citing Cal. Civ. Code § 51.7; *see also California v. Trump*, 963 F.3d 926, 935–36 (9th Cir. 2020), quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 412 (2013) ("At summary judgment, a plaintiff cannot rest on mere allegations, but 'must set forth by affidavit or other evidence specific facts.'").

9. Summary judgment was proper on Joseph's tenth claim, "Negligence (42 U.S.C. § 1983) Willful Indifference," because section 1983 does not create a cause of action for state-tort liability. *See Johnson v. Barker*, 799 F.2d 1396, 1399 (9th

8

Cir. 1986), quoting *Baker v. McCollan*, 443 U.S. 137, 146 (1979) ("It is well settled that section 1983 'imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law.'"). To the extent that Joseph relies on California law, the claim is barred because Joseph did not plead or comply with the California Government Claims Act. Cal. Gov't Code § 905 (mandating that "all claims for money or damages against local public entities" "shall be presented in accordance with" the requirements described therein); *California v. Superior Ct. (Bodde)*, 32 Cal. 4th 1234, 1243 (2004) (holding that a "plaintiff must allege facts demonstrating or excusing compliance with the claim presentation requirement. Otherwise, his complaint is subject to a general demurrer for failure to state facts sufficient to constitute a cause of action.").

10. Joseph's eleventh claim, intentional infliction of emotional distress, is barred because Joseph did not properly present it. *See* Cal. Gov't Code §905; *Bodde*, 32 Cal. 4th at 1243 (2004).

We hold that Joseph forfeited any argument of error with respect to the dismissal of his second claim, "Conspiracy, Hate Crimes" under federal and California law, and his twelfth claim, for declaratory and injunctive relief, because he made no argument to that effect in his opening brief. *See Crowley v. Epicept Corp.*, 883 F.3d 739, 748 (9th Cir. 2018*)* (A 'party forfeits a right when it fails to

9

make a timely assertion of that right and waives a right when it is intentionally relinquished or abandoned.'"), quoting *United States v. Kaplan*, 836 F.3d 1199, 1216 (9th Cir. 2016).

To the extent that Joseph's opening brief argues that the magistrate judge abused his discretion in denying his motion to recuse and disqualify, *see Hebbe*, 627 F.3d at 342, we hold that there was no abuse of discretion. *See Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008) (providing standard of review). Joseph does not point to evidence in the record demonstrating any materially false statement by the magistrate judge nor other evidence showing that "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *See Yagman v. Rep. Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) (internal quotation marks and citation omitted). *See United States v. McChesney*, 871 F.3d 801, 807 (9th Cir. 2017), quoting *Liteky v. United States*, 510 U.S. 540, 555–56 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

Finally, we write to underscore that Joseph's pleadings, containing "personal attacks on the distinguished" district and magistrate judges, as well as members of this court, "were out of all bounds of civic and persuasive discourse." *Washington v. Trump*, 858 F.3d 1168, 1185 (9th Cir. 2017) (Bybee, J., dissenting from denial of rehr'g en banc). "It does no credit to the arguments of the parties to impugn the

motives or the competence of the members of this court; *ad hominem* attacks are not a substitute for effective advocacy." *Id.*

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**